IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **WILBERT JAMES VEASEY, JR,** | § | |
| **ID** # 44133-177, | § | |
| | § | |
| Movant, | § | |
| | § | Civil Action No. **3:21-CV-1713-L-BK** |
| v. | § | Criminal Action No. 3:12-CR-54-L(3) |
| | § | |
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Based on the relevant filings and applicable law, the court **denies** Movant Wilbert James

Veasey's ("Movant") Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct

Sentence by a Person in Federal Custody ("Motion") (Doc. 2), and **dismisses with prejudice** this

action.

## I.      Background

Movant challenges his federal conviction and sentence in Cause No. 3:12-CR-54-L(3). The

respondent is the United States of America ("Government").

### A.      Conviction and Sentencing

After first being charged by indictment with several others, Movant was charged in a 17-

count superseding indictment with one count of conspiracy to commit healthcare fraud ("Count

One") and three counts of healthcare fraud and aiding and abetting ("Counts Two, Three, and

Four"). (*See* Docs. 1, 131.)[1] Movant pled not guilty to the four charged counts and proceeded to

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:12-CR-54-L(3).

trial in March and April 2016. (*See* Docs. 961-74, 983-84, 1063, 1070-73, 1075, 1081.) A jury convicted him of all four charged counts. (*See* Doc. 801 at 4.)

By judgment entered June 14, 2017, Movant was sentenced to an aggregate term of 210 months' imprisonment, comprised of 120 months on Count One, and concurrent terms of 90 months on Counts Two, Three, and Four, and to be followed by two years of supervised release. (*See* Doc. 958 at 1-3.) The judgment was affirmed on appeal. *See United States v. Veasey*, 843 F. App'x 555 (5th Cir. 2021). The Supreme Court denied a petition for a writ of certiorari on May 17, 2021. *See Veasey v. United States*, 141 S. Ct. 2653 (2021).

### B.    Substantive Claims

Movant's § 2255 motion asserts the following grounds for relief:

(1)    Sixth Amendment violation as to not receiving a trial by an impartial jury;

(2)    Sixth Amendment violation as to not receiving a trial in which the NATURE and CAUSE has been fully identified and represented to the defendant and the jury;

(3)    Sixth Amendment violation as to not receiving a trial in which the defendant was to be confronted with the witnesses against him and Fifth Amendment violation of due process and 14th amendment for equal protection of the law; and

(4)    Sixth Amendment Violation as to the Ineffective assistance of Counsel ("IAC") during the trial proceeding and pre trial actions.

(No. 3:21-CV-1713-L-BK, Doc. 2 at 7-8.) The Government filed a response on November 23, 2021. (*See id.*, Doc. 10.) Movant filed a reply on December 10, 2021. (*See id.*, Doc. 11.)

## II.    Scope of Relief Under § 2255

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a defendant has been fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en

banc)). Post-conviction "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citation and internal quotation marks omitted); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) ("A defendant can challenge a final conviction, but only on issues of constitutional or jurisdictional magnitude.").

## III.   Discussion

### A.  Impartial Jury

In his first ground, Movant contends he did "not receiv[e] a trial by an impartial jury." (No. 3:21-CV-1713-L-BK, Doc. 2 at 7; *id.*, doc. 2 at 17.) He states his "[a]ppeal was based on the trial jury member being biased as to inter[r]upting the trial to tell the Judge he was asleep during the trial and that the defense attorney was badgering the witness." (*Id.*, Doc. 2 at 16.) According to Movant, "At this point the Jury pool was tainted with a bias[ed] juror who was overstepping their Role as an unbiased[ed] 'IMPARTIAL JURY' and in turn violating [Movant's] Sixth Amendment." (*Id.*; *see also id.*, doc. 2 at 17.) He claims that "the actions of the juror should have been qualified as to objectional action made by Court as to provide a mistrial; change of juror; or dismissal of the case as prejudicial." (*Id.*, Doc. 2 at 18.)

The Sixth Amendment guarantees a defendant a right to an impartial jury. *Ross v. Oklahoma*, 487 U.S. 81, 85 (1988); *Irvin v. Dowd*, 366 U.S. 717, 722 (1961). "[T]he Constitution presupposes that a jury selected from a fair cross section of the community is impartial, regardless of the mix of individual viewpoints actually represented on the jury, so long as the jurors can conscientiously and properly carry out their sworn duty to apply the law to the facts of the particular case." *Ross*, 487 U.S. at 86 (quoting *Lockhart v. McCree*, 476 U.S. 162, 184 (1986)).

The Supreme Court has defined an impartial juror not as one who has no preconceived notions, but instead, one who "can lay aside his impression or opinion and render a verdict based on the evidence presented in court." *Irvin*, 366 U.S. at 723.

Defendants who collaterally attack their federal convictions may not raise grounds previously raised on direct appeal. *See United States v. Rocha*, 109 F.3d 225, 229-30 (5th Cir. 1997). "It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (citing *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980)). On direct appeal, the Fifth Circuit considered and rejected Movant's argument "that the district court abused its discretion when it refused to remove a juror that [Movant and three co-defendants] argue demonstrated bias toward the defense." *Veasey*, 843 F. App'x at 559. In rejecting the argument, the Fifth Circuit held that "[t]he juror indicated to the court that she could be fair and impartial and follow the court's instructions. There was nothing to indicate good cause for removal, a lack of candor, or that the note or discussion in camera established any specific bias." *Id.* at 561. Noting that Movant and his co-defendants specifically took issue with the juror becoming the presiding juror and with her position as a health care administrator who had heard patients complain about home health care and was aware that physicians had their preferred home health agencies, the Fifth Circuit also determined that such facts failed to establish bias or that the juror "somehow poisoned the proceedings." *Id.*

Because the issue of the juror-in-question's alleged bias was raised and disposed of on direct appeal, Movant cannot relitigate that issue here. *See Kalish*, 780 F.2d at 508. Further, to the extent he attempts to distinguish his claim as one challenging a biased jury, rather than a specific juror, his claim remains premised on the alleged bias of the juror in question, which as discussed,

has been resolved by the Fifth Circuit. (*See* No. 3:21-CV-1713-L-BK, Doc. 2 at 16-18; *id.*, Doc. 11 at 5-6.) Aside from conclusory allegations and speculation, Movant additionally fails to provide any facts or evidence showing that the impartiality of any of the jurors was affected by the juror in question, or that the other jurors were unable to "render a verdict based on the evidence presented in court." *Irvin*, 366 U.S. at 723. "[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue" for purposes of § 2255. *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990). Movant's claim is therefore without merit, and it is denied.

## B. Nature and Circumstances of Offenses

In his second ground, Movant contends he did "not receiv[e] a trial in which the NATURE and CAUSE has been fully identified and represented to the defendant and the jury." (No. 3:21-CV-1713-L-BK, Doc. 2 at 7; *see also id.*, Doc. 2 at 17-18.) He argues that the jury "was not provided with the Essential Elements of the Charged Offense, per [*United States v. Hickman*, 331 F.3d 439 (5th Cir. 2003),] and [*United States v. Gaudin*, 515 U.S. 506 (1995),] ('SCHEME TO DEFRAUD')." (*Id.*, Doc. 2 at 14.) He also appears to argue that the court was without subject-matter jurisdiction over the underlying criminal proceeding, rendering the judgment in his case void. (*See id.*, Doc. 2 at 13-15, 18; *id.*, Doc. 11 at 3-5.)

Movant's offenses of healthcare fraud and conspiracy to commit healthcare fraud were charged under 18 U.S.C. § 1347 and 18 U.S.C. § 1349, respectively. (*See* Docs. 1, 131, 958.) Under § 1347, "a person is guilty of healthcare fraud if he or she knowingly and willfully executes a scheme or artifice to (1) defraud any healthcare benefit program or (2) obtain, by means of false or fraudulent pretenses, representations, or promises, any healthcare benefit program's money in connection with the delivery of or payment for healthcare services." *United States v. Little*, Nos. 21-11225, 21-11228, 2023 WL 7294199, at *8 (5th Cir. Nov. 3, 2023) (citing *United States v.*

*Ganji*, 880 F.3d 760, 777 (5th Cir. 2018)); *see also United States v. Anderson*, 980 F.3d 423, 427 (5th Cir. 2020). Conspiracy to commit healthcare fraud under § 1349 requires a showing "that (1) two or more persons made an agreement to commit health care fraud; (2) that the defendant knew the unlawful purpose of the agreement; and (3) that the defendant joined in the agreement willfully, that is, with the intent to further the unlawful purpose." *United States v. Kelly-Tuorila*, 759 F. App'x 236, 239 (5th Cir. 2019) (quoting *United States v. Grant*, 683 F.3d 639, 643 (5th Cir. 2012)). For purposes of offenses under §§ 1347 and 1349, "the term 'health care benefit program' means any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract." 18 U.S.C. § 24(b).

Here, the charging language in the superseding indictment under which Movant was convicted paralleled the essential elements of §§ 1347 and 1349, and further incorporated, in part and by reference, the applicable definition of "health care benefit program" set forth in § 24(b). (*See* Doc. 131 at 2, 10, 21.) As such, the superseding indictment was constitutionally sufficient to provide Movant notice of the nature and cause of the charged offenses. *See United States v. Blevins*, 755 F.3d 312, 319 (5th Cir. 2014) (quoting *United States v. Cooper*, 714 F.3d 873, 877 (5th Cir. 2013)). The jury charge also paralleled the essential elements set forth in §§ 1347 and 1349, and it included definitions for the terms "a scheme or artifice," "health care benefit program," and "affecting commerce" as they related to the charged offenses. (*See* Doc. 800 at 18-23.) Movant's unsubstantiated arguments are refuted by the record.[2]

---

[2] To support this ground for relief, Movant appears to rely on *Hickman* and *Gaudin* for the respective propositions that "the term 'Scheme to Defraud' [in § 1347] is not capable of precise definition," and that the jurisdictional element of a § 1327 offense was an essential element that had to be submitted to a jury and proven beyond a reasonable doubt. (No. 3:21-CV-1713-L-BK, Doc. 2 at 13.) In the context of discussing what constitutes an "execution" of a scheme to

Additionally, to the extent Movant generally contends that this court lacked subject-matter jurisdiction in the underlying criminal proceedings, "[u]nder 18 U.S.C. § 3231, '[t]he district courts of the United States. . . have original jurisdiction . . . of all offenses against the laws of the United States.'" *United States v. Scruggs*, 691 F.3d 660, 667 (5th Cir. 2012) (quoting 18 U.S.C. § 3231) (*Scruggs I*); (*see* No. 3:21-CV-1713-L-BK, Doc. 2 at 13-15; *id.*, Doc. 11 at 3-5.) "Subject matter jurisdiction, or the court's power to hear a case, is straightforward in the criminal context." *United States v. Scruggs*, 714 F.3d 258, 262 (5th Cir. 2013) (citation and internal quotation marks omitted) (*Scruggs II*). It is determined by looking at the indictment or information. *See Scruggs I*, 691 F.3d at 667-68. "[A] federal criminal case is within the subject matter jurisdiction of the district court if the indictment charges . . . that the defendant committed a crime described in Title 18 or in one of the other statutes defining federal crimes." *Scruggs II*, 714 F.3d at 262 (citation and internal quotation marks omitted). Here, the superseding indictment under which Movant was convicted charged him with violation of 18 U.S.C. § 1349 in Count One, and violation of 18 U.S.C. § 1347 in Counts Two, Three, and Four. (*See* Doc. 131.) The court therefore had subject-matter jurisdiction in the underlying criminal case.

Movant's arguments are without merit, and his claim is denied.

---

defraud, the Fifth Circuit in *Hickman* noted it had previously stated "that the term 'scheme to defraud' was not 'capable of precise definition'" in an analogous bank fraud statute. 331 F.3d at 446 (quoting *United States v. Hord*, 6 F.3d 276, 281 (5th Cir. 1993)). *Hickman* did not involve any alleged constitutional violation stemming from whether a scheme to defraud was "capable of precise definition," and Movant provides no case law to support such a reading. *See id.* (recognizing that each deposit of a false check constituted an execution of a "scheme to defraud" under bank fraud statute); *United States v. Barakett*, 994 F.2d 1107, 1111 (5th Cir. 1993) ("The term 'scheme to defraud [in analogous bank fraud statute] does not admit of easy and precise definition, but includes 'fraudulent pretenses or representations intended to deceive others, in order to obtain money from the victim institution.'"). Regarding *Gaudin*, contrary to Movant's allegations, the jurisdictional element of his offenses of conviction was submitted to the jury in the jury charge and proven beyond a reasonable doubt. (*See* Doc. 800 at 18-23; Doc. 801 at 4.) *Hickman* and *Gaudin* do not save his meritless claim.

### C.  Sufficiency of the Evidence

In connection with his second ground, Movant appears to challenge the sufficiency of the evidence of his §§ 1347 and 1349 convictions by generally denying and contradicting the evidence established at trial. (*See* No. 3:21-CV-1713-L-BK, Doc. 2 at 15.) He argues there was no witness testimony against him "that would give a jury proof beyond a reasonable doubt, that a criminal action occurred." (*Id.*) He claims that "[e]ach witness was qualified and verified by Third Party verification that they were indeed qualified to receive and allowed to receive Honest Goods and Services" from Movant's home health care company, expert testimony verified that the services provided were "legal honest services with no means of False or Fraudulent pretenses," and all expert and other witnesses testified that no violations of § 1347 occurred. (*Id.*) According to Movant, because there was no evidence of a violation of § 1347, he could not be convicted of conspiracy under § 1349. (*See id.*)

Even assuming for purposes of this Motion only that this claim is not procedurally defaulted because Movant failed to raise it on direct appeal, the claim fails. Relevant to Movant's convictions, the evidence at trial established that a doctor co-defendant provided money to Movant's home health care company in exchange for half of the company's profits, Movant and another co-defendant retained half of his company's profits because they were responsible for recruiting home health care patients, and employees of the doctor co-defendant testified that said co-defendant did not always review plans of care for the recruited patients—up to 100 per day— before allowing the employees to sign his name to certify the care. *See Veasey*, 843 F. App'x at 562-63. This evidence was sufficient to support the conspiracy conviction as to the doctor co-defendant and Movant. *See id.* Regarding Movant's substantive health care fraud convictions, there was evidence presented at trial that the patients from Counts Two, Three, and Four were recruited

to receive home health care services by Movant or someone connected with his company, did not need or qualify for home health care services, and yet were certified to receive home health care for which Medicare was billed by Movant's company. *See, e.g., id.* at 563; (Doc. 966 at 7-14, 30-37, 217-30.) Movant's unsubstantiated denials of sufficient evidence to support his convictions are contradicted and refuted by the record and fail to demonstrate entitlement to § 2255 relief. Accordingly, to the extent he asserts an independent ground for relief challenging the sufficiency of the evidence for his convictions, his claim is denied.[3]

### D. Confrontation, Due Process, and Equal Protection

In his third ground, Movant alleges a "Sixth Amendment violation as to not receiving a trial in which the defendant was to be confronted with the witnesses against him and Fifth Amendment violation of due process and 14th amendment for equal protection of the law." (No. 3:21-CV-1713-L-BK, Doc. 2 at 7, 17; *id.*, Doc. 11 at 5.) Aside from this general statement, he does not otherwise discuss or develop this claim in his § 2255 Motion or reply. Because he has not explained or provided any facts or evidence for this ground for relief to show he was denied his right to confront witnesses against him, denied due process, and denied equal protection, he has not satisfied his burden under § 2255. *See, e.g., Perez v. Johnson*, 122 F.3d 1067, 1997 WL 464599, at *1 (5th Cir. 1997) ("[The Fifth Circuit does] not require courts to scour the record for

---

[3] The Government characterizes Movant's arguments regarding the sufficiency of the evidence as a claim of actual innocence. (*See* No. 3:21-CV-1713-L-BK, Doc. 10 at 12-13.) To the extent his arguments can be liberally construed as a claim of actual innocence, a stand-alone claim of actual innocence is not a ground for habeas relief absent an independent constitutional violation. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993); *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000); *United States v. Shepherd*, 880 F.3d 734, 740 (5th Cir. 2018) (recognizing that Fifth Circuit habeas "caselaw does not recognize freestanding actual innocence claims."). Further, a claim of "[a]ctual innocence means 'factual innocence, and not mere legal insufficiency.'" *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Even if a "truly persuasive" showing of actual innocence could merit federal habeas relief, the threshold would be "extraordinarily high." *Herrera*, 506 U.S. at 417. Movant has not met this high burden here because he presents no more than unsubstantiated contradictions refuted by the record, as discussed. Accordingly, to the extent his arguments can be liberally construed to assert a claim of actual innocence, his claim is denied.

factual issues that might support a pro se litigant's position; it is that litigant's obligation to direct the court's attention to the relevant evidence."); *Yoo v. United States*, No. 6:21cv415, 2023 WL 4401623, at *11 (E.D. Tex. May 16, 2023). Movant's conclusory claims are denied.

### E.  Ineffective Assistance of Counsel

In his fourth ground, Movant contends that counsel rendered ineffective assistance "during the trial proceeding and pre[e]trial actions." (No. 3:21-CV-1713-L-BK, Doc. 2 at 8; *see also id.*, Doc. 2 at 17.)

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient, and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The court may address the prongs in any order.  *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (stating that prejudice inquiry

focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would reasonably likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

Here, in list form, Movant alleges that counsel failed to: "(a) Sever[a]nce the ajoined trial; (b) Provide an actual innocense defense; (c) Object to Impartial Jury action; (d) Provide VEASEY Sep[a]rate Action of Appeal; (e) Protect VEASEY's Constitutional Rights of his 4th, 5th, 6th, and 14th Amendments during his trial. (f) and provide a conflict free representation. . . ." (No. 3:21-CV-1713-L-BK, Doc. 2 at 16 (errors in original).) Movant claims that "factually the record will show that several of the issues provided by the Movant are in fact vacant from the record of Movant's counsel doing any actual assistance in this matter." (*Id.*, Doc. 11 at 7.)

As noted, the court is not required to "scour the record for factual issues that might support a pro se litigant's position." *Perez*, 1997 WL 464599, at *1. Rather, it is Movant's obligation to identify or provide the relevant record evidence to support his claims. *See id.* Here, Movant fails to provide any facts or evidence, aside from conclusory and unsubstantiated allegations, to demonstrate a reasonable probability that but for the alleged deficiencies of counsel listed by Movant, the result of the proceedings would have been different. Likewise, to the extent he asserts claims of ineffective assistance of counsel premised on the alleged violations raised in his first, second, and third grounds for relief, he also fails to show a reasonable probability that the result of the proceedings would have been different had counsel raised those grounds for relief. (*See* No. 3:21-CV-1713-L-BH, Doc. 2 at 13-14, 16.) Because his allegations fail to demonstrate resulting

prejudice, Movant has failed to satisfy his burden under *Strickland*, and his claims of ineffective assistance of counsel are denied.[4]

### F. Evidentiary Hearing

No evidentiary hearing under § 2255 is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted). Because Movant has failed to present independent indicia in support of the likely merit of his claims, he has failed to demonstrate he is entitled to an evidentiary hearing on any of his claims.

## IV.    Conclusion

The court **denies** Movant's Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 2), and **dismisses with prejudice** this action for the reasons herein stated.

---

[4] Movant appears to claim that prejudice should be presumed on his claims of ineffective assistance of counsel under *United States v. Cronic*, 466 U.S. 648 (1984). (*See* No. 3:21-CV-1713-L-BK, Doc. 2 at 16-17; *id.*, Doc. 11 at 7.) *Cronic*'s presumed prejudice standard is reserved for "circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified," such as (1) a "complete denial of counsel . . . at a critical stage" of the criminal proceedings; (2) a complete failure of counsel "to subject the prosecution's case to meaningful adversarial testing"; and (3) "circumstances [that] made it so unlikely that any lawyer could provide effective assistance." *Id.* at 658-59, 661; *accord Bell v. Cone*, 535 U.S. 685, 695-96 (2002). It does not apply when counsel has merely failed to oppose the prosecution at specific points of the proceedings; it applies only when counsel has *entirely* failed to challenge the prosecution's case. *Bell*, 535 U.S. at 696-97. Here, Movant's counsel filed motions throughout all stages of the criminal proceedings, attended hearings and trial, and examined witnesses, objected, and made closing arguments during trial. Movant has not shown a complete denial of counsel at any stage of the proceedings, a failure by counsel to test the Government's case, or that counsel failed to oppose the Government throughout the proceeding as a whole. He therefore fails to demonstrate that the *Cronic* standard should apply, and his ineffective assistance of counsel claims are properly analyzed under the *Strickland* standard.

**It is so ordered** this 15th day of February, 2024.

Sam A. Lindsay
United States District Judge